**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:22-CR-00025-JDK-JDL** |
| **vs.** | § | |
| | § | |
| | § | |
| **JOE KING POWELL (1)** | § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On September 16, 2026, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Emil Mikkelsen. Defendant was represented by Assistant Federal Defender David Barlow.

***Background***

After pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony, United States District Judge Jeremy D. Kernodle sentenced Defendant Joe King Powell on February 15, 2023. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of VI, was 41 to 51 months. The Court sentenced Defendant to an imprisonment term of 41 months, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure an drug aftercare. On May 29, 2024, the Court modified Defendant's conditions to include placement in a residential reentry center. Defendant completed his term of imprisonment and started his term of supervised release on June 12, 2024. The Court again modified Defendant's conditions on April 4, 2025 to include placement in a residential reentry center.

***Allegations***

In the First Amended Petition seeking to revoke Defendant's supervised release, filed on August 14, 2026, United States Probation Officer Laura Palafox alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant must not commit another federal, state, or local crime.** It is alleged that Defendant committed the offense of Manufacture/Delivery of a Controlled Substance Penalty Group 1/1-B>=1 Gram<4 Grams on June 8, 2025. On April 14, 2026, Defendant was convicted and sentenced to 35 years of imprisonment in the Texas Department of Criminal Justice. It is also alleged that Defendant committed the offense of Fraud Use/Possession Identifying Information Less Than 5 Items on June 8, 2025, and the offense of Possession of a Controlled Substance Penalty Group 1/1-B>=1 Gram<4 Grams on May 15, 2025. These charges were dismissed but they were considered in the punishment for the above noted case.

2. **Allegation 2 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** It is alleged that Defendant submitted urine specimens on August 19, 2025, January 28, 2025, and March 29, 2025, that tested positive for methamphetamine and lab results confirmed the positive tests.

3. **Allegation 3 (standard condition 2): After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when he must report to the probation officer, and he must report to the probation officer as instructed.** It is alleged that Defendant failed to report to the U.S. Probation Office as directed on May 12, 2025.

4. **Allegation 4 (special condition): The defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise his participation in the program. The defendant must pay any cost associated with treatment and testing.** It is alleged that Defendant failed to attend substance abuse counseling as directed on March 12, 2025, April 2, 2025, and May 21, 2025. It is also alleged that Defendant failed to submit a drug test as directed on May 12, 2025.

***Applicable Law***

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without

credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of release by committing the offense of Manufacture/Delivery of a Controlled Substance, as alleged in the petition, he is guilty of a Grade A violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was VI. The guidelines provide that Defendant's guideline imprisonment range for a Grade A violation is 33 to 41 months, capped by the statutory maximum of 2 years. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine or committing the offenses of Fraud Use/Possession Identifying Information and Possession of a Controlled Substance, as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of VI, the guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 21 to 27 months, capped by the statutory maximum of 2 years. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by submitting urine specimens that tested positive for methamphetamine, failing to report to his probation officer as directed, failing to attend substance abuse counseling as directed, or failing to

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

submit a drug test as directed, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of VI, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 8 to 14 months. The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

***Hearing***

On September 16, 2026, Defendant appeared for a final revocation hearing. Assistant United States Attorney Emil Mikkelsen announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 4 of the petition and to jointly request a sentence of imprisonment for a term of 14 months to be served consecutive to Defendant's state sentence currently being served in Case No. 475-1462-25, Smith County, Texas, with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 4 of the petition.

***Findings and Conclusions***

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 4 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 14 months to be served consecutive to Defendant's state sentence currently being served in Case No. 475-1462-25, Smith County, Texas, with no further term of supervised release. Through an individualized assessment, I determined that no term term of supervised release is warranted. Any criminal history monetary

penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 4 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 14 months to be served consecutive to Defendant's state sentence currently being served in Case No. 475-1462-25, Smith County, Texas, with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 14 months to be served consecutive to Defendant's state sentence currently being served in Case No. 475-1462-25, Smith County, Texas, with no further term of supervised release.

So ORDERED and SIGNED this 16th day of September, 2026.

K. Nicole Mitchell

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE